Gaston, Judge,,
 

 after stating the case as above, proceeded : — All these objections are unfounded. The proof is satisfactory, that the purchase was made by Pratt, Trice and Anderson, in pursuance of previous agreement, through Pratt, who was appointed to bid for that purpose.
 
 *628
 
 The act of 1819 has no bearing on the transaction; for ¡t js not a parol contract for a sale of land from Pratt to his co-purchasers; but a contract for a sale, and a
 
 judicial sale,
 
 which may be by parol between the clerk and master on the one hand, and the joint purchasers on the other. If the parol evidence of the joint purchase needed any confirmation, it is put beyond all doubt by a petition for partition filed by the defendant Pratt against the plaintiff, in which the plaintiff is stated to be the owner of two undivided] two-third parts of the land, and the petitioner, of the other third; and by a written agreement between the ¿said defendant and the plaintiff, and an award thereupon by persons chosen for that purpose, providing for the temporary occupation of the land until a, final partition should be made.
 

 Whether a summary remedy might have been had by motion or petition, it is needless to inquire.- Certainly the Court might, and in case of serious controversy, probably would have declined acting in a summary way, and-required a formal bill to be filed. But it cannot be an objection to the formal and solemn mode of proceeding, that it is formal and solemn, and affords to the defendant the most ample opportunity of vindicating his supposed rights.
 

 The defendant has offered no evidence to support, the truth of what he has
 
 “
 
 understood” respecting the
 
 mode
 
 of payment which was pursued by the plaintiff; and therefore we cannot find the allegation true. The payment of the whole purchase-money is expressly proved by the deposition of the clerk and master, which has been taken by order of the Court; and no interrogatory has been put to him on the part of the defendant as to the mode of payment. Upon the admitted ground, that the whole purchase-money has been duly paid, the defendant has required a conveyance of the entire trust to himself; and the plaintiff asks for a conveyance of two-thirds to him; and the clerk and inaster stands ready to convey, as soon as it shall be judiéially ascertained whether the purchase was made solely by Pratt, or jointly by him and his alleged associates in the transaction.
 

 
 *629
 
 The plaintiff is entitled, we think, to the decree he asks for ; and the costs of the suit must be wholly paid by the defendant Pratt.
 

 Per Curiam. Decree accordingly.